**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

```
In re:                          )   Case No. 18-25306-B-7
                                )
RIZAL JUCO GUEVARRA,            )   DC No. BHS-4
                                )
                                )
                Debtor(s).      )
_____ )
```

**MEMORANDUM AND ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

Introduction

The court has before it the chapter 7 trustee's objection to debtor Rizval Guevarra's claim of an exemption in proceeds from the sale of real property. A response to the objection and a declaration in support of the objection were filed. For the reasons explained below, the trustee's objection will be sustained and the debtor's claim of exemption disallowed.

The court has reviewed the objection, response, and all related declarations and exhibits. The court has also reviewed and takes judicial notice of the docket in this case. See Fed. R. Evid. 201(c)(1).

The court has determined this matter may be decided on the papers. See General Order No. 618 at p.3, ¶ 3 (E.D. Cal. May 13, 2020) (ordering courthouse closure "until further notice" due COVID-19 pandemic and further ordering that all civil matters are to be decided on the papers unless the presiding judge determines a hearing is necessary). The court has also determined that oral argument will not assist in the decision-making process or resolution of the motion. See Local Bankr. R. 9014-1(h), 1001-1(f). The continued hearing on June 2, 2020, at 9:30 a.m.

will be vacated.

Findings of fact and conclusions of law are set forth below. See Fed. R. Civ. P. 52(a); Fed. R. Bankr. P. 7052.

Background

The trustee's objection arises out of real property located at 4134 Glascow Drive, North Highlands, California ("Property"). Throughout the course of this case, the debtor has asserted that he does not own the Property, he has no interest in the Property, he was merely his nephew's co-signor on the loan the nephew obtained to purchase the Property, and his nephew owns the Property. The debtor so stated in Schedule A filed with the petition on August 23, 2018. Docket 1, Sch. A. The debtor reiterated his position several months later in December 2018 in a letter his attorney sent the trustee. Docket 61, Ex. B.

Even after the trustee produced a recorded grant deed and deed of trust which revealed that the debtor held the Property as a joint tenant with his nephew, Docket 27, Exs. B & C, the debtor continued to disavow any interest in or ownership of the Property. Docket 34. In fact, so certain was the debtor that he did not have any interest in or own the Property that he moved to convert this chapter 7 case to a chapter 13 case for the sole purpose of protecting the Property for his nephew. Docket 34 at 2:1-2; see also Dockets 37, 39.

Based on the trustee's evidence that the debtor held an interest in the Property, the court approved a sale of the debtor's interest to a third-party in December 2019. Docket 44. Three months later, on March 18, 2020, amended Schedules A and C

were filed in which the debtor now asserts an interest in the Property and claims an exemption in the Property sale proceeds under C.C.P. § 703.140(b)(5), respectively. Dockets 57, 66.

The trustee filed an objection to the debtor's claim of exemption on March 30, 2020. Docket 58. The trustee's objection is based on bad faith and equitable estoppel. Id. at 1:28-2:1. A response to the trustee's objection was filed on April 21, 2020, Docket 66, and a declaration in support of the response was filed on April 22, 2020. Docket 68. The declaration submitted with the debtor's response is signed by the debtor's nephew and asserts that the nephew and not the debtor owns and has always owned the Property. Docket 68 at 1:21-2:6. The response reiterates the debtor's view that he has no interest in the Property. Dkt. 66 at 2:1 ("In fact, I did not own an interest in the property in my opinion.").

A hearing on the trustee's objection was initially set on May 5, 2020, and continued because of serious irregularities with the response, declaration, and the amended schedules that preceded both. In an order filed on April 24, 2020, attorney Mark Hannon and the debtor were each ordered to disclose who prepared and filed each of the aforementioned documents. Docket 69. Mr. Hannon and the debtor timely responded. Dockets 72 (Mr. Hannon), 74 (debtor).

As suspected, the debtor did not prepare or file the response, declaration, or the amended schedules. Mr. Hannon and the debtor independently confirm in their respective declarations that Mr. Hannon prepared and filed each of the documents. Docket 72 at 2:15-17 (Mr. Hannon) ("My staff researched and worked on

the Amendments, Response, Declaration and Proof of Service.  I approved the documents, except for the proof of service, and asked my staff to file them over the counter."); see also Docket 74 at 1:17-18 (debtor) ("I did not prepare any of the papers. Mark Hannon and his workers made all the papers for me to sign.").  Problem is, and it is a significant one, Mr. Hannon is not the debtor's attorney of record in this case.  That means the response at Docket 66, the declaration at Docket 68, and the amended schedules at Docket 57 are all fugitive documents.

The court typically strikes fugitive documents.  Doing so in this case, however, would likely result in their refiling by the pro se debtor.  That, in turn, would necessitate another objection by the trustee which, in turn, would result in undue delay in the administration of the case and unnecessary administrative expense to the estate.  Since the response and amended schedules are at least signed by the debtor, and the response incorporates the nephew's declaration, the court will consider the documents that Mr. Hannon prepared and filed for the debtor.  The court will deal with Mr. Hannon in a separate order that requires Mr. Hannon to show cause why he should not be sanctioned for filing documents for a debtor in a case in which he is not the debtor's attorney of record.

Discussion

Turning to the debtor's claim of exemption and the trustee's objection to it, generally, when a debtor files bankruptcy, all of the debtor's property becomes property of the bankruptcy estate.  See 11 U.S.C. § 541.  Federal law provides avenues for a

debtor to exempt certain property.  See 11 U.S.C. § 522(d).
Congress has also authorized states to opt out of the federal
bankruptcy exemptions created by Bankruptcy Code § 522(d) which
means the federal exemption scheme can be supplanted by states
that choose to provide their own exemptions.  See 11 U.S.C. §
522(b)(2); Granger v. Watson (In re Granger), 754 F.2d 1490, 1492
(9th Cir. 1985) ("[A] state that has opted out has considerable
freedom in creating exemptions and eligibility requirements for
those exemptions.").  California exercised the § 522(b)(2) option
to opt out by making the federal bankruptcy exemptions
inapplicable in the state.  See C.C.C.P. § 703.130.

　　　A bankruptcy court construing California exemptions applies
a state-law rule of decision.  In re Tallerico, 532 B.R. 774, 780
(Bankr. E.D. Cal. 2015).  In other words, "[l]ike all federal
courts when addressing a state-law rule of decision, the
bankruptcy court is predicting what the California Supreme Court
would rule if it were presented with the question."  Id.  In that
endeavor, state law governs.  Law v. Siegel, 134 S. Ct. 1188,
1196-97 (2014) ("when a debtor claims a state-created exemption,
the exemption's scope is determined by state law"); Philips v.
Gilman (In re Gilman), 887 F.3d 956, 964 (9th Cir. 2018); Wolfe
v. Jacobson (In re Jacobson), 676 F.3d 1193, 1199 (9th Cir.
2012).  State law includes state statutory law.  Elliott v. Weil
(In re Elliott), 523 B.R. 188, 194 (9th Cir. BAP 2014);
Kornhauser v. Block (In re Block), 2016 WL 3251406, *3 (9th Cir.
BAP 2016).  And it includes state equitable law.  Gilman, 887
F.3d at 966 (citing (Gray v. Warfield (In re Gray), 523 B.R. 170,
175 (9th Cir. BAP 2014)).

California state law allocates the burden of proof to the debtor as the exemption claimant, and that burden remains with the debtor in a bankruptcy case. Diaz v. Kosmala (In re Diaz), 547 B.R. 329, 337 (9th Cir. BAP 2016); Tallerico, 532 B.R. at 780 (Bankr. E.D. Cal. 2015); In re Pashenee, 531 B.R. 834 (Bankr. E.D. Cal. 2015). So although here the trustee is the objecting party, under Diaz, Tallerico, and Pashenee the burden is on the debtor to prove that he is entitled to the exemption claimed in the Property sale proceeds and not on the trustee to prove that the exemption should be disallowed.

One aspect of the debtor's burden of proof is to prove that the exemption is claimed in good faith or, in other words, the exemption claimed is within the parameters of the exemption statutes. In re Gilman, 608 B.R. 714, 723-24 (Bankr. C.D. Cal. 2019) (citing and discussing Bertozzi v. Swisher, 27 Cal. App. 2d 739 (Ct. App. 1938)).[1] An exemption is not within the parameters of the exemption statutes, and thence is not claimed in good faith, when it is claimed in an effort to protect something other than what the exemption statutes are meant to protect. Id. Bertozzi illustrated this point with its conclusion that a race horse claimed exempt under an exemption statute meant to protect work horses was not an exemption claimed within the letter and

---

[1] The bankruptcy court's opinion in Gilman follows a partial remand in Phillips v. Gilman (In re Gilman), 887 F.3d 956 (9th Cir. 2018), in which the Ninth Circuit instructed the bankruptcy court to determine in the first instance if there was an equitable basis under California law, including bad faith, to deny the debtor's homestead exemption. See Gilman, 608 B.R. at 718; Gilman, 887 F.3d at 966.

1  spirit of the statute and therefore one not one claimed in good
2  faith.  Id. at 742.  The bankruptcy court in Gilman further
3  illustrated this point in the context of California's homestead
4  exemption as follows:  "Under Bertozzi, an analogous situation
5  using our facts might be if Debtor claimed a homestead exemption
6  without a good faith intent to reside in the Property, because
7  the pertinent statute protects a debtor's residence, not other
8  properties."  Gilman, 608 B.R. at 723-24.

9      As the bankruptcy court in Gilman notes, the debtor's intent
10 in claiming the exemption is a fundamental component of the good
11 faith analysis.  Id. at 723.  Stated another way, is the debtor's
12 intent to exempt what the exemption statutes are meant to protect
13 or is it to exempt something else?  Id.  Evidence in this case
14 points to the latter.

15      Exemptions are meant to benefit the exemption claimant and
16 the exemption claimant's property.  Bertozzi, 27 Cal. App. 2d at
17 742.  Here, however, the debtor derives no benefit from an
18 exemption claimed in property he believes he does not own and
19 which he also believes is owned by his nephew.  Viewed in that
20 context, the debtor's claim of an exemption in the Property sale
21 proceeds is an apparent effort by the debtor to protect the
22 Property not for his benefit but for the benefit of his nephew
23 and, thus, an effort by the debtor to protect something the
24 exemption statutes are not meant to protect.[2]  The debtor has

---

[2] This is not implausible and it is consistent with the debtor's conduct earlier in the case when he sought to convert the case to a chapter 13 case to protect the Property for his nephew.

therefore claimed an exemption that is not within the parameters of the exemption statutes and, thus, has not claimed the exemption in the Property sale proceeds in good faith.

<u>Conclusion</u>

For the foregoing reasons,

IT IS ORDERED that the trustee's objection to the debtor's claim of exemption is sustained and the exemption the debtor claimed under C.C.C.P. § 703.140(b)(5) in the amended schedules filed on March 18, 2020, is disallowed in its entirety.

IT IS FURTHER ORDER that the continued hearing on June 2, 2020, at 9:30 a.m. is vacated.

**Dated:** June 01, 2020

*[signature]*
Christopher D. Jaime, Judge
United States Bankruptcy Court

- 8 -

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Mark J. Hannon, Esq.
1006 H St #1
Modesto CA 95354

Barry H. Spitzer
980 9th Street, Suite 380
Sacramento CA 95814